**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| JEROME ANDREW BURNETT, | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | *          Civil No. 26-475-BAH |
| STATE OF MARYLAND ET AL., | |
| | * |
| Defendants. | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Jerome Andrew Burnett ("Burnett") filed the above-captioned complaint pro se, a "motion for enforcement of judgments," ECF 3, and a motion for leave to proceed in forma pauperis, ECF 6.   For the reasons stated below, the motion to proceed in forma pauperis will be granted, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the motion at ECF 3 will be denied as moot.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and also mandates dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in a pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

1985) (stating a district court may not "conjure up questions never squarely presented").  Here, to the extent the Court can even decipher the precise basis of Burnett's claim, it must be dismissed because Defendants enjoy Eleventh Amendment immunity.

Burnett brings suit[1] against the State of Maryland, the "Edward Frank Borgerding District Court Building (District Court for Baltimore City, District 1)," the District Court of Maryland for Carroll County, and the Attorney General of Maryland (collectively "Defendants"),[2] citing to twenty-two federal civil and criminal statutes, the Federal Rules of Civil Procedure, and the Bill of Rights and Fourteenth Amendment to the United States Constitution as the legal bases for his claims.[3]  *See* ECF 1, at 1–5.  Burnett alleges that "[t]he Defendant(s) had no probable cause to find . . . Burnett Guilty and /or Liable in each case(s) – Citation Number 000000FM08088 at the District Court for Baltimore City . . . and 000000DV78009 at the District Court of Maryland #10-02 for

---

[1] Though not entirely clear from the complaint, Burnett appears to assert claims on his own behalf and on behalf of the United States Government.  *See* ECF 1 (naming "United States (U.S.) Government Plaintiff"); *see also* ECF 1-1, at 1 (indicating U.S. Government Plaintiff as the basis for jurisdiction).  As a pro se plaintiff, however, Burnett is only permitted to bring claims on his own behalf.  *See* Loc. R. 101.1(a) (D. Md. 2025) ("Individuals who are parties in civil cases may only represent themselves.").  Burnett cannot bring claims on behalf of the U.S. Government.

[2] It is difficult to discern from the complaint exactly what entities are named as defendants in this action, and so the docket lists only the State of Maryland and "Edward Frank" as defendants. However, Burnett has attached to the complaint summonses for the District Court for Baltimore City, the District Court for Carroll County, the State of Maryland, and the Maryland Attorney General.  *See* ECF 1-3, at 2–5.  The Court will accordingly instruct the Clerk to correct the docket to include the defendants named on Burnett's summonses.

[3] Specifically, Burnett cites to 42 U.S.C. § 1983; Fed. R. Civ. P. "5.1"; the "Federal Rules of Civil Procedure (FRCP) 5.1"; 28 U.S.C. § 2403; 42 U.S.C. § 2002h-2; 28 U.S.C. § 1331; 18 U.S.C. § 402; 18 U.S.C. § 401; 18 U.S.C. § 1503; 18 U.S.C. § 1505; 18 U.S.C. § 1506; 18 U.S.C. § 1512; 28 U.S.C. § 453; 18 U.S.C. § 2; 18 U.S.C. § 242;  18 U.S.C. § 241; 18 U.S.C § 245; 18 U.S.C. 1918; 18 U.S.C. § 1001; 28 U.S.C. § 2201; the Bill of Rights and the Fourteenth Amendment to the United States Constitution; the Civil Rights Act; the Americans with Disabilities Act; and the "Americans with Disabilities Act Amendment Act."  ECF 1, at 1–5.

Carroll County."[4]  *Id.* at 6–7.  As relief, Burnett requests that "Defendant(s) receive Summons and Complaint," that the "Maryland Attorney General files charges and prosecutes all involved with causing . . . Burnett financial hardships," and a damages award in the amount of $300,000,000,000.00.  *Id.* at 11–13.

Under the Eleventh Amendment to the United States Constitution, a state, as well as its agencies and departments, are immune from suits in federal court absent state consent or Congressional action.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  *Id.* (citing *Fla. Dep't of Health v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981) (per curiam)).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in its courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity to suit in federal court.  "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued."  *Halderman*, 465 U.S. at 99 (emphasis in original).  Further, "Maryland state courts . . . are arms of the State, [and] therefore, are immune from suit in federal court."  *Friends of Lubavitch v. Baltimore Cnty., Maryland*, 421 F. Supp. 3d 146, 160 (D. Md. 2019) (citing *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 35 (2012) (affirming the lower court's ruling that Maryland Court of Appeals is an entity or instrumentality of the State

---

[4] A review of Maryland Judiciary Case Search shows that Case Number 000000FM08088 pertains to a traffic citation from 2010, to which Burnett pled guilty on January 12, 2010.  *See State of Maryland v. Andrew Jerome Burnett*, Case No. 000000FM08088 (Dist. Ct. Balt. City October 16, 2009)  (Maryland  Judiciary  Case  Search,  http://casesearch.courts.state. md.us/casesearch/inquirySearch.jis (Under "Search By Case Number," enter case number "000000FM08088"; then select "Search") (last visited Feb. 13, 2026); *see also Waters v. Randolph*, Civ. No. GLR-17-2960, 2018 WL 337757, at *1 (D. Md. Jan. 9, 2018) (taking judicial notice of facts from Maryland Judiciary Case Search).  The Court could not locate case number 000000DV78009 on Maryland Judiciary Case Search.

for purposes of sovereign immunity)).  "[T]he Attorney General for Maryland is an instrumentality of the Maryland State government" and is likewise immune from suit.  *Tillery v. United States Marshals Serv.*, Civ. No. SAG-23-00402, 2024 WL 3598117, at *8 (D. Md. July 31, 2024) (first citing Md. Code Ann., State Gov't § 6-106(a); and then citing *Doyle v. Hogan*, 1 F.4th 249, 256–57 (4th Cir. 2021)).  As a result, Defendants cannot be sued in this Court, and Burnett's complaint must be dismissed.  The motion at ECF 3 is, therefore, denied as moot.

Accordingly, it is this 20th day of February, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF 6, is GRANTED;

2.  Plaintiff's motion to enforce judgments, ECF 3, is DENIED as moot;

3.  The Clerk is directed to remove Edward Frank as a defendant, and add the District Court for Baltimore City, the District Court for Carroll County, and the Maryland Attorney General as defendants on the docket;

4.  The complaint is DISMISSED; and

5.  The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge
